IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| THEODORE F. CRUTCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-00055 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RICHARD D. HOLCOMB, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |
| | ) | |

Plaintiff Theodore F. Crutchfield ("Plaintiff") filed a *pro se* Complaint in this Court on November 14, 2014 [ECF No. 3]. Defendant Richard Holcomb ("Defendant") filed a Motion for Summary Judgment ("the Motion") on February 2, 2015 [ECF No. 9]. I have reviewed the pleadings, the arguments of the parties, and the applicable law; the matter is now ripe for disposition. For the reasons stated herein, I will grant Defendant's Motion for Summary Judgment.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Because this matter is before the Court under Federal Rule of Civil Procedure 56, the facts are recited in the light most favorable to Plaintiff, the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007).

Plaintiff Theodore Crutchfield ("Plaintiff") was stopped by Deputy Josh Nash of the Henry County Sheriff's Office on June 1, 2014, when Deputy Nash observed Plaintiff "all over the road," "cross[ing] both sides of [w]est[-]bound lands multiple times," and "run[ning] off of the road twice . . . ." (Aff. of Millicent Ford Ex. D, Feb. 5, 2015 [ECF No. 10].)[1] Plaintiff did

---

[1] Millicent N. Ford is the Director of Driver Services for the DMV. (Ford Aff. ¶ 1.) Her affidavit is based on her personal knowledge and her review of applicable DMV records. (Id. ¶ 2.)

- 1 -

not receive a citation from Deputy Nash.  Deputy Nash sent the Department of Motor Vehicles ("DMV") a report concerning the incident "on a MED 3 form, which is made available by DMV to persons who are concerned about an individual's ability to operate a motor vehicle due to medical reasons."  (Id. ¶ 4.)  The DMV regularly receives such written requests from law enforcement officers (like Deputy Nash), judges, judicial officers, and medical professionals that have reason to suspect that a driver cannot safely operate a motor vehicle.  (See id.)

In the MED 3 request, Deputy Nash stated that Plaintiff was a diabetic,[2] was not on any medication for his condition, and that his blood glucose level was 225 during the June 1 stop.  (See id. Ex. D.)  "This information caused sufficient concern about [Plaintiff's] ability to operate a motor vehicle safely that DMV initiated the procedures under [Va. Code Ann.] § 46.2-322."  (Id. ¶ 5.)  Pursuant to § 46.2-322, "If the Department [of Motor Vehicles] has good cause to believe that a driver is incapacitated and therefore unable to drive a motor vehicle safely, after written notice of at least 15 days to the person, it may require him to submit to an examination to determine his fitness to drive a motor vehicle."  Va. Code Ann. § 46.2-322(a) (2014).  Under that provision, the DMV asked Plaintiff "by letter dated June 6, 2014, to provide a medical report from his medical doctor and/or professional[,] and that the report should reference the incident of June 1, 2014.  [The] DMV asked that the medical professional address [Plaintiff's] ability to operate a motor vehicle safely, and provided a form for the medical professional to complete."  (Id. ¶ 5; see also id. Exs. C, D.)  The June 6 letter did not provide any information regarding requesting an administrative hearing.

On June 9, 2014, the DMV sent Plaintiff a notice informing him that, if he did not comply with the request for medical information, the DMV would suspend his license effective July 9, 2014.  (See id. ¶ 6, Ex. E.)  The DMV also advised Plaintiff that, if he disagreed with the

_____

[2] Plaintiff now protests that he is not a diabetic, yet he admits that he told Deputy Nash that he was.

- 2 -

decision to request a medical report, he could initiate an administrative hearing under the Virginia Administrative Process Act, Va. Code Ann. §§ 2.2-4000, et seq., by submitting a request for a hearing in writing.  Nevertheless, Plaintiff did not provide the DMV with any medical information, and he did not request a hearing.[3]  (Id. ¶ 7.)  The medical form attached to Plaintiff's Complaint (Compl. Ex. 1, Nov. 14, 2014 [ECF No. 3-1]) and dated September 23, 2014, was not provided to the DMV.[4]  To date, Plaintiff's license is still suspended.

Plaintiff filed a *pro se* Complaint against Defendant Richard Holcomb, Commissioner of the DMV ("Defendant"), on November 14, 2014.  Defendant filed his Answer on January 27, 2015 [ECF No. 6], and thereafter filed a Motion for Summary Judgment on February 6, 2015 [ECF No. 9].  The Clerk mailed Plaintiff a Roseboro notice on February 9, 2015 [ECF No. 11].  Instead of a brief in opposition to Defendant's Motion for Summary Judgment, Plaintiff filed a Motion to Proceed to Trial [ECF No. 17] and affidavit in support thereof [ECF No. 15] on February 19, 2015.  Defendant responded to Plaintiff's Motion to Proceed on March 4, 2015 [ECF No. 19], and I heard oral arguments on March 16, 2015.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); George & Co. LLC

---

[3] In his Motion to Proceed to trial, Plaintiff states that he called the DMV on an unspecified date, spoke with "Angie," and requested a hearing.  (See Aff. in Support of Mot. to Proceed pg. 3, Feb. 19, 2015 [ECF No. 15].)  The letter from the DMV, however, clearly instructed Plaintiff that, if he wished to request a hearing, he must make a written request.  (See Ford Aff. Ex. E.)  Plaintiff has not asserted that he made any such written request, despite the fact that he has written several letters to the DMV excoriating it for what he considers its unconstitutional practices.  (See, e.g., Compl. Ex. 1.)

[4] Millicent Ford stated that the form was not in the DMV's records, and Plaintiff has not offered a counter-affidavit asserting that he, in fact, sent the medical information to the DMV.

v. Imagination Entertainment Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material fact exists "[w]here the record taken as a whole could…lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute cannot be created where there is only a scintilla of evidence favoring the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to determine whether a genuine dispute exists. Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson, 477 U.S. at 249−50, 254. A fact is material where it might affect the outcome of the case in light of the controlling law. Anderson, 477 U.S. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage, however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. Anderson, 477 U.S. at 249. It has been noted that "summary judgment is particularly appropriate . . . [w]here the unresolved issues are primarily legal rather than factual" in nature. Koehn v. Indian Hills Cmty. Coll., 371 F.3d 394, 396 (8th Cir. 2004).

The movant has the initial burden of pointing out to the court where the deficiency lies in the non-movants's case that would make it impossible for a reasonable fact-finder to bring a verdict in the non-movants's favor. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A moving defendant may show that he is entitled to judgment as a matter of law by demonstrating that the plaintiff could not prove an essential element of his case. Id. at 322–23. It is then up to the plaintiff to demonstrate to the court that there are genuine issues of material fact and that he has made a sufficient showing on each of the essential elements of his case. Emmett v. Johnson,

Case 4:14-cv-00055-JLK-RSB   Document 22   Filed 03/19/15   Page 4 of 8   Pageid#: 139

532 F.3d 291, 297 (4th Cir. 2008); Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). When the defendant provides affidavits and other materials with his motion for summary judgment, the plaintiff must respond with affidavits, deposition testimony, or as otherwise provided in Fed. R. Civ. P. 56(c). Celotex Corp., 477 U.S. at 324; Pension Ben. Guar. Corp. v. Beverley, 404 F.3d 243, 246 (4th Cir. 2005). Mere allegations, denials, references to the complaint, or oral argument is insufficient to rebut a defendant's motion which is supported by affidavits. Fed. R. Civ. P. 56(e)(2); Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); Beverley, 404 F.3d at 246. "If the non-moving party has the burden of proof at trial, that party must set forth facts 'sufficient to establish the existence of an element essential to that party's case.'" Colkitt, 455 F.3d at 201 (quoting Celotrex Corp., 477 U.S. at 322)

### III.  DISCUSSION

Defendants initially argue that the Plaintiff is suing Defendant in his official capacity for $25,000,000.00. Defendant contends, therefore, that he is immune from suit in his official capacity under § 1983.

The law is clear that "[s]uits against state officials in their official capacity . . . should be treated as suits against the state." Hafer v. Melo, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "[T]he Eleventh Amendment bars suits in federal court 'by private parties seeking to impose a liability which must be paid from public funds in the state treasury.'" Id. at 30 (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)). Therefore, the Eleventh Amendment precludes claims for monetary damages against state officials in their official capacity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (citations omitted). "State officers sued for damages in their official capacity are not 'persons' [under § 1983] because they assume the identity of the government that employs them." Hafer, 502 U.S.

- 5 -

at 27 (citing <u>Will</u>, 491 U.S. at 71). "[S]tate officials, sued in their individual capacities," however, "are 'persons' within the meaning of § 1983." *Id*. at 31.

In applying this distinction, the Fourth Circuit has held that "a plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983." <u>Biggs v. Meadows</u>, 66 F.3d 56, 60 (4th Cir. 1995). Rather, "when a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." <u>Id.</u> at 61. "Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." <u>Id.</u>

In the present case, it is clear that Plaintiff has sued Defendant in his official capacity. Plaintiff named Defendant in his Complaint as "Commissioner Department of Motor Vehicles," which clearly indicates Plaintiff's intention to sue Defendant in his official capacity. As such, Defendant is immune from suit for money damages. <u>See Will</u>, 491 U.S. at 71.

Regardless of whether Defendant is sued in his official or individual capacity, and regardless of whether Defendant is entitled to immunity, however, the Record is clear that Defendant is entitled to summary judgment. It is well established that the Fourteenth Amendment Due Process Clause applies to state deprivation of a driver's license. <u>Dixon v. Love</u>, 431 U.S. 105, 112 (1977) (quoting <u>Bell v. Burson</u>, 402 U.S. 535, 539 (1971)); <u>Tomai-Minogue v. State Farm Mut. Auto. Ins. Co.</u>, 770 F.2d 1228, 1230 (4th Cir. 1985). In cases like this one, where a state statutory scheme mandates suspension, the state may "make its summary initial decision effective without a predecision administrative hearing" and simply provide an adequate post-deprivation remedy. <u>Dixon</u>, 431 U.S. at 115; <u>see also</u> <u>Tomai-Minogue</u>, 770 F.2d at 1234–36 (citations omitted). The state need not afford the licensee any additional hearing.

Here, the Record establishes that Plaintiff was afforded the opportunity to request a post-deprivation hearing. He was informed at least twice that he could request a hearing in writing (Ford Aff. Exs. E, G); he simply refused to do so. Rather, he contends that he called "Angie" and requested a hearing, but was denied.[5] The instructions to Plaintiff were clear—he could request a hearing *in writing*. When Plaintiff failed to heed these simple instructions, he did so at his peril. See Nelson v. Diversified Collection Servs., Inc., 961 F. Supp. 863, 871 (D. Md. 1997) (holding that one's constitutional rights are not violated when a hearing is not requested). Defendant afforded him and continues to afford him[6] an adequate post-deprivation remedy. Plaintiff's failure to avail himself of it does not create a constitution violation by Defendant, and Plaintiff has not pointed the court to any authority to suggest that the DMV's requirement that a request for a hearing be submitted in writing is so egregious as to qualify as a violation of one's constitutional rights.

Moreover, assuming that Plaintiff is suing Defendant in his personal capacity as well, Defendant is entitled to summary judgment. Plaintiff has not alleged any facts to suggest that Defendant personally took any action with regard to his license suspension. At most, he contends that Defendant is responsible because his employees took actions that Plaintiff believes were unconstitutional. Even if that were true, Defendant cannot be held personally liable under

---

[5] It is equally well-established that, when the defendant provides affidavits and other materials with his motion for summary judgment, the plaintiff must respond with affidavits, deposition testimony, or as otherwise provided in Fed. R. Civ. P. 56(c). Celotex Corp., 477 U.S. at 324; Pension Ben. Guar. Corp. v. Beverley, 404 F.3d 243, 246 (4th Cir. 2005). Mere allegations, denials, references to the complaint, or oral argument is insufficient to rebut a defendant's motion which is supported by affidavits. Fed. R. Civ. P. 56(e)(2); Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); Beverley, 404 F.3d at 246. Plaintiff has not responded in an appropriate manner to Defendant's evidence in support of his Motion. His self-serving, self-styled "affidavit" is nothing more than a brief in opposition to Defendant's Motion for Summary Judgment. As such, he has failed to produce a scintilla of evidence in support of his claims. Nevertheless, and in no small part because Plaintiff's is proceeding *pro se*, for purposes of consideration of the present Motion, I accept as true the facts contained Plaintiff's "affidavit."

[6] Presumably, Plaintiff could still request a hearing if he does so in writing. Additionally, Plaintiff could comply with the DMV's directive and provide an adequate medical report.

§ 1983 for the acts of his subordinates. "There is no *respondeat superior* liability[7] under § 1983

. . . ." <u>Barrett v. Bd. of Educ. of Johnson County, N.C.</u>, 590 F. App'x 208, 210 (4th Cir. 2014)

(per curiam) (unpublished) (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978)).

## IV. <u>CONCLUSION</u>

Defendant is sued in his official capacity and is therefore immune from suits seeking

money damages. He is entitled to summary judgment with respect to Plaintiff's remaining

demands because he was afforded an adequate, post-deprivation hearing. Insofar as Defendant is

sued in his individual capacity, he is entitled to summary judgment. In the absence of any facts

to establish that Defendant had any personal role in Plaintiff's license suspension, he cannot be

held personally liable under § 1983. Defendant is entitled to summary judgment, and an Order to

that effect will be entered.

Entered this 19th day of March, 2015.


s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] *Respondeat superior* is "[t]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." BLACK'S LAW DICTIONARY 1138 (8th ed. 2004).

Case 4:14-cv-00055-JLK-RSB   Document 22   Filed 03/19/15   Page 8 of 8   Pageid#: 143